IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD ROEGNER,              )
                                  )
          Plaintiff,       )
                                  )      CIVIL ACTION
vs.                          )
                                  )      FILE No.
MUHAMMAD ANIS, PINOY CUISINE    )
INCORPORATED and BAZZAR        )
CORPORATION,              )
                                  )
          Defendants.    )

## COMPLAINT

COMES NOW, RICHARD ROEGNER, by and through the undersigned counsel, and files this, his Complaint against Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, RICHARD ROEGNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas, (Harris County).

1

3.      Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

4.      Plaintiff uses a wheelchair for mobility purposes.

5.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to Lazeeza, Filipiniana Too and the Property as soon as it is accessible ("Advocacy Purposes").

6.      Defendant, MUHAMMAD ANIS (hereinafter "MUHAMMAD ANIS"), is an individual who transacts business in the State of Texas and within this judicial district.

7.      Defendant, MUHAMMAD ANIS, may be properly served with process via service, to wit:  10223 Ripple Lake Drive, Houston, TX  77065.

8.      Defendant, PINOY CUISINE INCORPORATED (hereinafter "PINOY CUISINE INCORPORATED"), is a corporation that transacts business in the State of Texas and within this judicial district.

9.      Defendant, PINOY CUISINE INCORPORATED, may be properly served with process via its registered agent, to wit:  Bernadette Chavez, Registered Agent, 2 Honor Oaks Court, The Woodlands, TX  77382.

10. Defendant, BAZZAR CORPORATION (hereinafter "BAZZAR CORPORATION"), is a Texas corporation that transacts business in the State of Texas and within this judicial district.

11. Defendant, BAZZAR CORPORATION, may be properly served with process via its registered agent for service, to wit:  Chowdary Yalamanchili, Registered Agent, 4420 FM 1960 West, Suite 224, Houston, TX  77068.

## FACTUAL ALLEGATIONS

12. On or about August 31, 2019, Plaintiff was a customer at the Lazeeza Restaurant, a business located at 3991 FM 1960 West, Houston, TX  77068, referenced herein as "Lazeeza."

13. Lazeeza is owned and operated by Defendant, MUHAMMAD ANIS.

14. Filipiniana Too is owned and operated by Defendant, PINOY CUISINE INCORPORATED.

15. Defendant, BAZZAR CORPORATION, is the owner of the real property and improvements that Lazeeza and Pilipiniana Too are situated upon and that is the subject of this action, referenced herein as the "Property."

16. Plaintiff lives 5 miles from Lazeeza and the Property.

17. Plaintiff's access to the businesses located at 3991 FM 1960 West, Houston, TX 77068, Harris County Property Appraiser's account number 1147690000019 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, are compelled to remove the physical barriers to access and correct the ADA violations which

exist at Lazeeza, Filipiniana Too and the Property, including those set forth in this Complaint.

18.     Plaintiff has visited Lazeeza, Filipiniana Too and the Property at least once before.  Plaintiff intends on revisiting Lazeeza, Filipiniana Too and the Property in the very near future within six months after the Property is made accessible, to be a customer, determine if and when Lazeeza, Filipiniana Too and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19.     Plaintiff intends to revisit Lazeeza, Filipiniana Too and the Property to purchase food and/or services as well as for Advocacy Purposes.

20.     Plaintiff travelled to Lazeeza, Filipiniana Too and the Property as a customer, and as an independent advocate for the disabled, encountered the barriers to access at Lazeeza, Filipiniana Too and the Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Lazeeza, Filipiniana Too and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.*

22.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical

areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

25.    The effective date of Title III of the ADA was January 26, 1992, or January 26,

5

1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

26.      Lazeeza is a public accommodation and service establishment.

27.      Filipiniana Too is a public accommodation and service establishment.

28.      The Property is a public accommodation and service establishment.

29.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

30.      Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 1281, *et seq*., and 28 C.F.R. §36.508(a).

31.      Lazeeza must be, but is not, in compliance with the ADA and ADAAG.

32.      Filipiniana Too must be, but is not, in compliance with the ADA and ADAAG.

33.      The Property must be, but is not, in compliance with the ADA and ADAAG.

34.       Plaintiff has attempted to, and has to the extent possible, accessed Lazeeza and the Property in his capacity as a customer at Lazeeza, Filipiniana Too and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at Lazeeza, Filipiniana Too and the Property that preclude and/or limit his access to Lazeeza, Filipiniana Too and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.      Plaintiff intends to visit Lazeeza, Filipiniana Too and the Property again in the

very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Lazeeza, Filipiniana Too and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Lazeeza, Filipiniana Too and the Property that preclude and/or limit his access to Lazeeza, Filipiniana Too and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.     Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Lazeeza, Filipiniana Too and the Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

37.     Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at Lazeeza, Filipiniana Too and the Property, including those specifically set forth herein, and make Lazeeza, Filipiniana Too and the Property accessible to and usable by Plaintiff and other persons with disabilities.

38.     Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, has discriminated against Plaintiff by failing to comply with the above requirements.

39.     A specific list of unlawful physical barriers, dangerous conditions and ADA

violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that preclude and/or limited Plaintiff's access to Lazeeza, Filipiniana Too and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Lazeeza, Filipiniana Too and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i)    At least one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards due to a failure to enact an adequate policy of maintenance. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    There is at least one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iii)    The access aisle to the accessible parking space located in front of Unit 4003 is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. At a minimum, the access aisle is not at the same level as the accessible parking space it serves. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    The accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG

Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v)     The accessible parking space located in front of Unit 4003 is missing signage which identifies the parking space as accessible in violation of section 502.6 of the 2010 ADAAG Standards.

(vi)    There is an excessive vertical rise at the base of the accessible ramp servicing the accessible parking space in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(vii)   The ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii)  The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix)    The accessible parking space in the southeastern corner of the Property is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)     The access aisle to the accessible parking space in the southeastern corner of the property is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous

and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xi)     The interior of Best Of Filipiniana Too has walking surfaces leading to the restroom, and throughout the restaurant, lacking a 36 inch clear width, due to the policy of maximizing the placement of tables and chairs, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at Best Of Filipiniana Too.

(xii)    The interior of Best Of Filipiniana Too has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Best Of Filipiniana Too.

(xiii)   The interior of Lazeeza Restaurant has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Lazeeza Restaurant.

(xiv)    The interior of Lazeeza Restaurant has walking surfaces leading to the restroom lacking a 36 inch clear width, due to the placement of a potted plant, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at Lazeeza Restaurant.

(xv)     Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**BEST OF FILIPINIANA TOO RESTROOMS**

(i)      Restrooms have fixtures with inadequate clear floor space in violation of Sections 606.2, 603.2 and 604.3 of the 2010 ADAAG standards. Specifically, the clear floor space of the sink is blocked by the urinal and the hand dryer. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(iii)    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)     The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v)      The door hardware of the bathroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(vi)     The height of the urinal exceeds the maximum required height set forth in Section 605.2 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii)    The restroom lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

**LAZEEZA RESTROOMS**

a.    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

b.    The restroom lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

c.    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

d.    Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

e.    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

f.    The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

g.      The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff to safely utilize the restroom facilities.

h.      The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the sink, in violation of section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities

40.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Lazeeza, Filipiniana Too and the Property.

41.     Plaintiff requires an inspection of Lazeeza, Filipiniana Too and the Property in order to determine all of the discriminatory acts violating the ADA.

42.      All of the above violations are readily achievable to modify in order to bring Lazeeza and the Property into compliance with the ADA.

43.     The removal of the physical barriers and dangerous conditions present at Lazeeza, Filipiniana Too and the Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, have the financial resources to make the necessary modifications as the market value of the Property is listed at $3,800,000.00 on the property appraiser web site.

44.     Upon information and good-faith belief, Lazeeza, Filipiniana Too and the Property have been altered since 2010.

45.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in Paragraph 37 can be applied to the 1991 ADAAG standards.

46.     Plaintiff has attempted to gain access to Lazeeza, Filipiniana Too and the Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of Lazeeza, Filipiniana Too and the Property, and has otherwise been discriminated against and damaged by Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, are compelled to remove the unlawful barriers and conditions and comply with the ADA.

47.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

48.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Lazeeza, Filipiniana Too and the Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendants, MUHAMMAD ANIS, PINOY CUISINE

INCORPORATED and BAZZAR CORPORATION.

49.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION.

50.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Lazeeza, Filipiniana Too and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, MUHAMMAD ANIS, BAZZAR CORPORATION, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, PINOY CUISINE INCORPORATED, in violation of the ADA and ADAAG;

(c)     That the Court find Defendant, BAZZAR CORPORATION, in violation of the ADA and ADAAG;

(d)     That the Court issue a permanent injunction enjoining Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, from continuing their discriminatory practices;

(e)     That the Court issue an Order requiring Defendants, MUHAMMAD ANIS, PINOY CUISINE INCORPORATED and BAZZAR CORPORATION, to (i)

15

remove the physical barriers to access and (ii) alter Lazeeza, Filipiniana Too and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)     That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 23, 2020.                    Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com